**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

---

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION: 16-00048-03 |
| VERSUS | JUDGE DONALD E. WALTER |
| MARK FREDERICK (03) | MAGISTRATE JUDGE HANNA |

---

**MEMORANDUM ORDER**

Before the Court is a Motion to Dismiss Indictment [Doc. #193], specifically the Superceding and Second Superceding Indictments, filed by Defendant Mark Frederick (03). Defendant Frederick argues that the Superceding and Second Superceding Indictments filed against him in the above-captioned matter, are premised on an investigation and prosecution undertaken in violation of the Federal Vacancies Reform Act ("FVRA"); Article II, section 2, clause 2 of the United States Constitution ("the Appointments Clause"); and the Code of Federal Regulations, 28 C.F.R. § 0.50. Thus, Defendant Frederick asserts that all actions related to said prosecution, including the upcoming March 28, 2017 trial, are invalid and void *ab initio*. The Government opposes the motion, arguing: first, that Defendant Frederick misconstrues the FVRA; second, that Defendant Frederick misunderstands the delegation of responsibilities within the Department of Justice, as provided for in 28 C.F.R. § 0.13; third, that Defendant Frederick ignores the plenary power of United States Attorneys to prosecute violations of federal criminal civil rights statutes, including 18 U.S.C. § 242, with which Defendant Frederick has been charged; and, finally, that Defendant Frederick ignores the independent, constitutional role of the grand jury in determining whether there is probable cause to indict a defendant. [Doc. #197]. Upon due consideration of the parties' briefs, this Court agrees with the Government.

First, the Court finds that the parameters established by the Federal Vacancies Reform Act

("FVRA"), 5 U.S.C. §§ 3345–3349d, apply to the performance of *non-delegable* functions or duties of certain offices of Executive agencies, for which appointment is made by the President and confirmed by the Senate. *See* 5 U.S.C. §§ 3345–3347, 3348(a)(2). Those parameters did not act to limit or invalidate Principal Deputy Assistant Attorney General Vanita Gupta's authority as it related to this prosecution. Furthermore, the broad authority of the Attorney General and Assistant Attorney General to delegate to trial counsel the general functions set forth in 28 C.F.R. § 0.50 is consistent with the rationale of Fifth Circuit case law, as well as the Code of Federal Regulations, 28 C.F.R. § 0.13. *See e.g., United States v. Cravero*, 545 F.2d 406, 410 (5th Cir. 1976) (citing *United States v. Morris*, 532 F. 2d 436, 439–40 (5th Cir. 1976)). Second, even if Ms. Gupta acted in violation of the FVRA, the United States Attorney has the independent, plenary power to enforce federal criminal statutes, including but not limited to 18 U.S.C. § 242, as relevant to this case. *See* 28 U.S.C. §§ 515, 547 and 28 C.F.R. § 0.50; *see also* Docs. ## 36 and 91 (Superceding and Second Superceding Indictments, signed by both the United States Attorney for the Western District of Louisiana and the Principal Deputy Assistant Attorney General for the Department of Justice). On the basis of these findings, the Court need not further analyze the motion, nor the Government's arguments in opposition thereto. Accordingly, the motion [Doc. #193] is **DENIED**.

    **THUS DONE AND SIGNED** in Shreveport, Louisiana, this 21st day of March, 2017.

                                                 DONALD E. WALTER
                                        UNITED STATES DISTRICT COURT