U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

MAR 0 2 2018

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 6:16CR48-03 |
| VERSUS | * | JUDGE WALTER |
| MARK FREDERICK | * | MAGISTRATE JUDGE HANNA |

### STIPULATION IN SUPPORT OF GUILTY PLEA

The UNITED STATES OF AMERICA, through the undersigned attorneys, and the Defendant, MARK FREDERICK, represented by his undersigned counsel, Frank Granger, agree that the following statement of facts is true and that the government could prove these facts beyond a reasonable doubt at trial:

The Defendant admits that, while acting under color of law, he willfully deprived E.M., a pre-trial detainee, of the right not to be deprived of liberty without due process of law, which includes the right to be free from the use of excessive force amounting to punishment by a law enforcement officer, in violation of Title 18, United States Code, Section 242.

The Defendant was employed by the Iberia Parish Sheriff's Office (IPSO) from approximately 2011 to 2013, and was a Captain, and the Assistant Warden at the Iberia Parish Jail (IPJ).

1

On September 27, 2011, E.M., a pre-trial detainee, resisted deputies at the IPJ. E.M. was restrained and removed from the scene. The Defendant, along with Gerald Savoy, a senior IPSO official; Wesley Hayes, Warden at the IPJ; and Jesse Hayes, Assistant Warden at the IPJ, reviewed video of the altercation between E.M. and jail deputies. The Defendant and other senior IPSO staff agreed to retaliate against E.M. by taking him to the chapel, a place that was not covered by the jail's video surveillance system, and assaulting him. A junior officer delivered E.M. to the chapel with his hands cuffed behind his back. Prior to entering the chapel, Savoy retrieved a baton from his car. The Defendant, together with Savoy and Wesley and Jesse Hayes, went to the chapel with the unlawful intent to beat E.M. in retaliation for E.M.'s previous altercation with jail deputies. Inside the chapel, officers assaulted E.M. while E.M. was handcuffed, compliant, and not posing a threat to anyone. During the assault, Savoy took his baton, placed it between E.M.'s legs, and in a sharp motion, raised the baton into E.M.'s testicles hard enough to knock E.M. off of his feet and to inflict pain. The Defendant recognized that he had a duty to intervene and stop the unjustified use of force on inmate E.M. Nevertheless, the Defendant willfully chose not to intervene to stop the beating, despite having the opportunity to do so.

Both the United States and the Defendant hereby stipulate and agree that the above facts are true, and that they set forth a sufficient factual basis for the crime to which the Defendant is pleading guilty. Both the United States and the Defendant also agree that this factual basis does not contain all of the relevant information known to the Defendant and the Government. This is a sufficient factual basis, but it is not an exhaustive statement by the Defendant.

READ AND APPROVED this day 2nd of March, 2018.

_____
MARK FREDERICK
Defendant

_____
FRANK GRANGER
Attorney for Defendant

_____
MARY MUDRICK
Assistant United States Attorney

_____
TONA BOYD
Trial Attorney, Civil Rights Division Criminal Section